**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY and Lake Superior and Ishpeming Railroad Company, Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

**Chicago and North Western Railway Company and Duluth South Shore and Atlantic Railroad Company, Intervening Defendants.**

**Civ. A. No. 60-C-76.**

United States District Court
E. D. Wisconsin.

June 3, 1965.

R. K. Merrill, Joseph J. Nagle, and Frank M. Long, Chicago, Ill., Rodger S. Trump and Richardson R. Robinson, Milwaukee, Wis., for plaintiff Chicago, Milwaukee, St. Paul and Pacific Ry. Co.

Philip H. Porter, Madison, Wis., Bernard H. Davidson, Ishpeming, Mich., for plaintiff Lake Superior and Ishpeming R.R. Co.

Lee Loevinger, Asst. Atty. Gen., and Patrick M. Ryan, Atty., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant United States.

Robert W. Ginnane, Gen. Counsel, and Arthur J. Cerra, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Carl McGowan, Fred O. Steadry, Edgar Vanneman, Jr., and Charles H. Dick-

man, Chicago, Ill., Edward H. Borgelt and Roger S. Bessey, Milwaukee, Wis., for intervening defendant Chicago and North Western Ry. Co.

Thomas M. Beckley, Minneapolis, Minn., Reginald W. Nelson, Milwaukee, Wis., for intervening defendant Duluth, South Shore and Atlantic R.R. Co.

Before DUFFY, Circuit Judge, TEHAN, Chief Judge, and GRUBB, District Judge.

GRUBB, District Judge.

At the time this matter was presented to this court, prior to March 4, 1963, the parties briefed and argued two questions: (1) Whether the connection at Republic Junction was an extension of the lines or a spur or switch track within the State under § 1, par. (22) of Title 49 U.S.C.A., and (2) whether the order of the Commission denying a certificate of public convenience and necessity was supported by substantial evidence.

Because this court held that the connection at Republic Junction was a switch track and not an extension of the lines, it did not pass upon the second question raised. Since that time, the Supreme Court in a per curiam decision has ruled that it was an extension of the lines, so there remains for decision by this court the question as to whether the Commission's findings were supported by substantial evidence.

The statement of facts set forth in the previous opinion is sufficient for background purposes and need not be reiterated here. Chicago, Milwaukee, St. Paul and Pacific Railroad Co. v. United States, 214 F.Supp. 244 (E.D.Wis.1963).[1] It is now necessary to decide this issue: Was the order of the Interstate Commerce Commission denying plaintiffs a certificate of public convenience and necessity to operate on the Republic Junction ex-

tension supported by substantial evidence?

■ This court must sustain the Commission on the question of the issuance of a certificate of public convenience and necessity when the findings of the Commission as to present and future public convenience and necessity are supported by substantial evidence. Zuzich Truck Line, Inc. v. United States, 224 F.Supp. 457 (D.Kan.1963); Oklahoma Corporation Commission v. United States, 235 F. Supp. 803 (W.D.Okl.1964).

In support of their application for a certificate of public convenience and necessity to operate over the Republic Junction extension, the plaintiffs offered the evidence of two shippers. These two shippers will be referred to as the "Iron Mountain shipper" and the "Amasa shipper."

Prior to the fall of 1957, the Iron Mountain shipper received saw logs and chemical wood from Cleveland Cliffs Iron Company (hereinafter referred to as "Cleveland Cliffs") on both the Milwaukee Road and the North Western. These shipments originated at Seney, Michigan, which is served by the Duluth. Shipments carried by either the Milwaukee Road or the North Western were two-line hauls since the Duluth connects directly with the other two railroads. The Amasa shipper also received saw logs from Cleveland Cliffs. These shipments originated at Seney on the Duluth and arrived at the shipper's plant on the Milwaukee Road after a two-line haul.

The Iron Mountain shipper complained to Cleveland Cliffs that the cost of trucking from the log site to Seney was prohibitive and urged Cleveland Cliffs to use a rail site closer to the log site. Subsequently the Ishpeming constructed an extension to Sunrise Landing, located nearer the log site. The Ishpeming connected directly with the North Western but not

1. The parties to this action will be referred to as they were in the previous decision: Chicago, Milwaukee, St. Paul and Pacific Railroad Company as "Milwaukee Road"; Lake Superior and Ishpeming Railroad Company as "Ishpeming"; Duluth, South Shore and Atlantic Railroad Company as "Duluth"; Chicago and North Western Railway Company as "North Western"; and Interstate Commerce Commission as "Commission."

with the Milwaukee Road until the Republic Junction extension was made.

Without the Republic Junction extension, the Amasa shipper could receive shipments from Sunrise Landing only after a three-line haul. The cost of this would be too great a burden on this shipper, and it would have to abandon shipping saw logs by rail from Sunrise Landing. The Iron Mountain shipper can receive two-line shipments of saw logs and chemical wood from Sunrise Landing only on the North Western if the Republic Junction extension is not utilized.

Both shippers testified that the Republic Junction extension was most important to them because it enabled them to receive shipments on a two-line haul (Ishpeming-Milwaukee Road), and they could consequently obtain advantageous manufacture and reshipment rates. A three-line route would not be economically feasible for either shipper. Although the Iron Mountain shipper did have a two-line route (Ishpeming-North Western) available to him, this shipper required an alternate two-line route to obtain full advantage of the favorable rate.

The Commission recognized the benefits inuring to these two shippers through the continued use of the Republic Junction connection and took them into consideration in determining the question of public convenience and necessity. The Commission noted that prior to the fall of 1957, the saw logs and chemical wood, which are the principal commodities interchanged at Republic Junction, had been carried by other railroads in the area and that these carriers were providing adequate service. This diversion of traffic from existing carriers was weighed against the benefits derived by the Iron Mountain and Amasa shippers from the Republic Junction connection.

The Commission also noted that commodities other than saw logs and chemical wood were being interchanged between plaintiffs at Republic Junction, although not in any substantial quantities. No testimony was offered as to the need or desirability of the interchange of these commodities. The Commission found that an additional facility for carrying these commodities was unwarranted in the light of the existing, adequate facilities.

 The Commission, with its expertise in these matters, found that the benefits to the two shippers did not offset the detriment to the established carriers in the area and to the general public. This finding is supported by substantial evidence.

For the foregoing reason, the complaint in this action must be and hereby is dismissed. It is so ordered.